### In re SEATTLE, L. S. & E. RY. CO.

GRIEVANCE COMMITTEE OF BROTHERHOOD OF RAILWAY TRAIN-MEN, LODGE NO. 196, et al. v. BROWN et al.

(Circuit Court, D. Washington, N. D.   May 17, 1894.)

RECEIVERS—MASTER AND SERVANT—RAILROAD COMPANIES.

A receiver of a railroad is not bound by an agreement, made before his appointment, between the railroad company and its employes, whereby the latter are not to be discharged except for  cause, to be determined by arbitrators.

Petition by the Grievance Committee of the Brotherhood of Railway Trainmen, Lodge No. 196, Seattle, Wash., and James E. Corcoran, against Thomas R. Brown and John H. Bryant, receivers of the Seattle, Lake Shore & Eastern Railway Company, for an order requiring the receivers to conform to the terms of a certain contract.

Richard Saxe Jones, for petitioners.

Carr & Preston, for receivers.

HANFORD, District Judge.   The amended petition in this case contains an accusation against Thomas R. Brown, as receiver of the Seattle, Lake Shore & Eastern Railway, of having wrongfully, without cause or justification, discharged persons theretofore holding positions as conductors on the railway, including the petitioner James E. Corcoran, and sets forth an alleged contract entered into prior to the appointment of said receiver by and between the Northern Pacific Railroad Company (which was then in practical control of the Seattle, Lake Shore & Eastern Railway) and its employes, including the said discharged conductors, containing, among other things, a stipulation that the employes were not to be discharged except for cause; and that, in case of the discharge of any employe, he should, upon demand, be furnished with a written specification of the cause therefor, and have a right to an investi-

gation by the division superintendent and three trainmen, who should have power to take evidence and determine whether the charge was true or false; and that, in the event of a determination by such board of arbitration that there was not sufficient cause for his dismissal, such employe should be restored to his position, and receive compensation during the time of his suspension. The petition alleges that this contract was confirmed and put in force by the officers of the Seattle, Lake Shore & Eastern Railway Company as to all of its employes, and that since his appointment said receiver, with full knowledge of its existence, continued the employes of said company in their positions, and operated the railway thereunder.

While there is room to question the validity of the alleged contract in its entirety as affecting the employes of the Seattle, Lake Shore & Eastern Railway Company, and whether any part of it is binding upon the receiver, I shall place this decision on the ground that the particular stipulations above set forth are not binding upon the receiver. These provisions cannot be binding upon others than the immediate parties, and, so far as the same affect the receiver, are repugnant to the order of the court placing the railway and its operation under his control and management. The idea that employes in the service of a railway corporation have such an interest in the railway property that effect should be given to their contracts of employment, as if they were of the same nature as covenants running with the title to real estate, and therefore binding upon those into whose hands the property may subsequently come, is fallacious, and without any foundation in law. The receiver, as agent of the court, is required to take full control of the operation of the railway, and his responsibility is very great. The nature of his duties and responsibilities makes it absolutely necessary that he should exercise discretion in the selection of conductors and engineers and all who occupy fiduciary positions under him. Any rule or contract binding him to continue in such positions persons with whom he is unable to maintain cordial relations or repose confidence is incompatible with the freedom necessary to the proper exercise of his discretion and performance of his duty. It would certainly be unreasonable to hold him responsible for the conduct of an employe kept in position by a decision of four arbitrators, three of them being such person's fellow servants. A contract to that effect, if intentionally made by a receiver, would be void, because it would necessarily deprive the receiver of an important part of the power vested in him by the order of his appointment. A receiver cannot lawfully thus restrict himself in the exercise of his powers. This contract does not obligate employes to continue in the service of the company for any definite period. As they are left free to terminate their relations with the company at will, except in so far as there may be an implied obligation to not leave their stations so as to interrupt the movement of trains, it is, in legal effect, a contract of hiring for an indefinite term. No legal claim for damages can be predicated upon the mere failure to keep

a promise on the part of an employer to not discharge an employe without cause, or to submit any question as to the existence or nonexistence of sufficient cause to arbitration; much less can a court specifically enforce such an agreement. An agreement to submit differences which may arise in the future to arbitration is, in general, revocable by either party at any time before actual submission of a controversy. No stipulation in the agreement will be sustained, either at law or in equity, defeating this right, so as to prevent the parties having recourse to the courts. 1 Am. & Eng. Enc. Law, 664. It is impossible for the court to actively manage the details of a railway corporation's business except through a general agent. A receiver, as such agent, therefore occupies the position, and has the rights, of an employer, although the men operating the railway under him are, in a certain sense, employes of the court. It is impracticable for the court to give such attention to matters of detail as would be necessary to justify it in overruling a receiver in the matter of selecting or discharging his subordinates. Only in matters of general policy can the court give directions to a receiver. Grievances of his subordinates will receive attention in all matters affecting the general policy of the business intrusted to him, and whenever they amount to an accusation against the receiver of sufficient gravity to justify his dismissal. The remedy proper in case of an abuse of power in such matters is removal of the receiver from office. Continental Trust Co. v. Toledo, St. L. & K. C. R. Co., 59 Fed. 514.

Counsel for the petitioners, in his argument, has vigorously and earnestly denounced the action of Receiver Brown in discharging the petitioner Corcoran, as oppressive and abusive. It has never been regarded as an act of oppression or abuse for a successor in the control of any business to replace employes of his predecessor with men of his own selection, and I do not regard it so in this instance. According to the petition, Mr. Brown, in dispensing with the services of Mr. Corcoran, cast no aspersions upon him, until, in response to demands for reasons, he assigned want of confidence in his honesty. Under these circumstances I cannot find any justification for the denunciation of Mr. Brown. Demurrer sustained.